```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
HOLIDAY IMAGE LLC,                                                       :
                                                                         :
                                    Plaintiff,                           :    14-CV-8660 (JMF)
                                                                         :
                -v-                                                      :    OPINION AND ORDER
                                                                         :
VICTORIA'S SECRET STORES BRAND                                           :
MANAGEMENT, INC., et al.,                                                :
                                                                         :
                                    Defendants.                          :
                                                                         :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/28/2015

JESSE M. FURMAN, United States District Judge:

The present case involves a contract dispute between Holiday Image, LLC ("Plaintiff"), a manufacturer of holiday visual displays, and Victoria's Secret Stores Brand Management, Inc. and L Brands, Inc. (collectively, "Defendants"), the owners and operators of the well-known Victoria's Secret stores. The issue at this stage, however, is not the merits, but rather where the merits should be resolved, as there is a nearly identical lawsuit pending in the United States District Court for the Southern District of Ohio. On November 6, 2014, Victoria's Secret moved, pursuant to Rules 12(b)(1) and (3) of the Federal Rules of Civil Procedure, to dismiss the Complaint here in light of the Ohio lawsuit. (Docket No. 5). By Order entered January 21, 2015, the Court granted the motion "[f]or reasons to be provided in an opinion to be issued in due course." (Docket No. 21). The Court now provides those reasons.

## BACKGROUND

The following facts, taken from the Complaint as well as relevant affidavits and exhibits submitted by the parties, are assumed to be true for the purposes of this motion. *See Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008); *see also, e.g.*, *TradeComet.com*

*LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 373 (S.D.N.Y. 2010) (considering material outside the complaint in deciding a motion brought under both Rules 12(b)(1) and (3)).

Plaintiff manufactures and designs "custom holiday décor programs and seasonal visual displays." (Decl. Matthew J. Aaronson (Docket No. 8) ("Aaronson Decl."), Ex. A ("N.Y. Compl.") ¶ 1). It has produced holiday décor for Defendants, the owners and operators of the well-known Victoria's Secret stores, over the last several years. (Pl.'s Mem. Law Opp'n Mot. To Dismiss (Docket No. 16) ("Pl.'s Mem.") 1). In 2014, Plaintiff once again entered into negotiations with Defendants to provide holiday-themed decorations for Defendants' retail stores. (N.Y. Compl. ¶ 8-9, 12). As part of those negotiations, Plaintiff's representatives made several trips to Defendants' Ohio offices. (Decl. Christian Tobar (Docket No. 7) ("Tobar Decl.") ¶ 9). The negotiations culminated in a price quotation that Plaintiff e-mailed to Defendants on June 30, 2014. (Decl. Matthew Schwam (Docket No. 14) ("Schwam Decl."), Ex. A). Over the next few months, Defendants sent Plaintiff several e-mails ordering goods listed in the price quotation. (N.Y. Compl. ¶ 12).

On September 25, 2014, Defendants received thirty boxes of merchandise at their facility in Ohio that were shipped from a factory in China. (N.Y. Compl. ¶¶ 13, 18; Pl.'s Mem. 7; Tobar Decl. ¶ 16). Defendants deemed the goods non-conforming and, on October 3, 2014, notified Plaintiff that it was rejecting the goods and canceling the remainder of the order. (Tobar Decl. ¶ 17; N.Y. Compl. ¶ 19). That same day, Defendants filed a complaint in the Ohio Court of Common Pleas asserting breach-of-contract claims against Plaintiff (the "Ohio Complaint"). (Aaronson Decl., Ex. B). A week after that complaint was filed, but apparently before it was served on Plaintiff, Plaintiff filed its own complaint, in New York State Supreme Court, alleging its breach-of-contract claims against Defendants (the "New York Complaint"). (N.Y. Compl.).

Shortly thereafter, the Ohio and New York Complaints were removed to the Southern District of Ohio and the Southern District of New York, respectively. (Docket No. 1; Aaronson Decl., Ex. C). On November 6, 2014, Plaintiff answered the Ohio Complaint and asserted counterclaims that are substantially the same as the claims it asserts here. (Aaronson Decl., Ex. D). That same day, Defendants filed the motion to dismiss currently before the Court. (Docket No. 5).

## DISCUSSION

In moving to dismiss, Defendants rely principally on the "first-filed rule," which "states that, in determining the proper venue, where there are two competing lawsuits, the first suit should have priority." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted). The "rule," however, is not "an invariable mandate," but instead a presumption in favor of proceeding in the forum where the first complaint was filed. *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). The rule does not apply (1) "when there are 'special circumstances,'" such as "manipulative or deceptive behavior on the part of the first-filing plaintiff," *New York Marine & Gen. Ins.*, 599 F.3d at 112 (quoting *Wausau*, 522 F.3d at 276); or (2) when the balance of convenience — determined using the same factors considered in connection with motions to transfer venue — favors the second-filed action, *see id.* And even when the rule applies, the presumption is weaker "where the two actions were filed within a short span of time," *AIDS Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, No. 14-CV-2792 (SAS), 2014 WL 3778200, at *2 (S.D.N.Y. July 30, 2014), or "where there has been little progress in the first-filed action," *Pippins v. KPMG LLP*, No. 11-CV-377 (CM), 2011 WL 1143010, at *4 (S.D.N.Y. Mar. 21, 2011). Whether to apply the first-filed rule is ultimately an equitable task within the sound discretion of the district court. *See, e.g.*, *Wausau*, 522 F.3d at 274; *see also, e.g.*, *800-Flowers,*

*Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994) ("[T]he balancing of conveniences is an equitable task and an ample degree of discretion is afforded the district courts in determining a suitable forum." (internal quotation marks omitted)).

In this case, there is no dispute that the two suits are, for all intents and purposes, the same. (*See* Pl.'s Mem. 9). Nor is there any dispute that the first-filed rule applies where, as here, one or both suits originated in state court. *See Wausau*, 522 F.3d at 273-74, 278 (applying the "first-to-file" rule where a state court action was removed to federal court). Instead, Plaintiff contends that the New York Complaint should be treated as the "first-filed" because it was served before the Ohio Complaint. (Pl.'s Mem. 9-10). The weight of authority in this Circuit, however, holds that, at least in the mine-run of cases, it is the time of filing that matters rather than the date of service. *See, e.g.*, *Schnabel v. Ramsey Quantitative Sys., Inc.*, 322 F. Supp. 2d 505, 511 n.4 (S.D.N.Y. 2004) ("The relative dates of service of the complaints are irrelevant to the inquiry of which action was first filed."); *accord Amperion*, *Inc. v. Current Group, LLC,* No. 10-CV-5362 (NRB), 2010 WL 3469307, at *1; *MSK Ins., Ltd. v. Employers Reinsurance Corp.*, 212 F. Supp. 2d 266, 267 n.3 (S.D.N.Y. 2002); *see also, e.g.*, *Berisford Capital Corp. v. Cent. States, S.E. & S .W. Areas Pension Fund*, 677 F. Supp. 220, 222 n.1 (S.D.N.Y. 1988) ("The 'first service' rule is not the law of this circuit.").[1] Here, as noted, the Ohio Complaint was filed on

---

[1] The two cases cited by Plaintiff — *Nat'l Patent Dev. Corp. v. Am. Hosp. Supply Corp.*, 616 F. Supp. 114, 118 (S.D.N.Y. 1984), and *Everest Capital Ltd. v. Everest Funds Mgmt., LLC*, 178 F. Supp. 2d 459, 463 (S.D.N.Y. 2002) (Pl.'s Mem. 9-10) — do not support a contrary conclusion. In each case, the Court noted that one complaint was filed first while the second complaint was served first, but the Court declined to resolve the first-filed question based on the order of service, instead considering those facts within its assessment of what the "interests of justice require." *Nat'l Patent*, 616 F. Supp. at 118; *accord Everest Capital*, 178 F. Supp. 2d at 463. Plaintiff identifies no case in which this Court has resolved a first-to-file question based on which party was first to effectuate service, and the Court is not aware of any such case.

4

October 3, 2014, and the New York Complaint was filed exactly one week later. (Defs.' Victoria's Secret Stores Brand Mgmt., Inc. and L Brands, Inc.'s Mem. Law. Supp. Mot. To Dismiss or, in Alternative, To Transfer Venue (Docket No. 6) ("Defs.' Mem.") 1; Pl.'s Mem. 8). Accordingly, the Ohio action was the first-filed and, pursuant to the first-filed rule, there is a presumption — albeit not a strong one, given the short interval between filings — in favor of venue in Ohio. *See AIDS Serv. Ctr.*, 2014 WL 3778200, at *2.[2]

Next, Plaintiff contends that "special circumstances" overcome the presumption in favor of venue in Ohio. (Pl.'s Mem. 11-12). In particular, Plaintiff contends that Defendants engaged in "deceptive" attempts to forestall a potential lawsuit by Plaintiff and that those efforts call for departing from the first-filed rule. (*Id.*). As Defendants note, however, it is unclear what claims Plaintiff would (or could) have filed earlier than the Ohio Complaint, as Plaintiff's claims presumably arose only when Defendants rejected the goods on October 3, 2013 — the same day that Defendants filed the Ohio Complaint. (Decl. Douglas L. Williams (Docket No. 19)

---

[2] Although courts in this district "have adopted a bright-line rule that the court before which the first-filed action was brought determines which forum will hear the case," *Noble v. U.S. Foods, Inc.*, No. 14-CV-7743 (RA), 2014 WL 6603418, at *3 (S.D.N.Y. Nov. 19, 2014) (internal quotation marks omitted), there is good cause not to apply that rule in this case. First, neither party raises the issue. Second, as discussed above, there is a dispute over which action should be deemed "first-filed"; this Court is as competent as the Ohio court to answer that question. Finally, the rule is rooted in a concern that courts might issue conflicting judgments and, consistent with that principle, it has traditionally been applied to cases in which there are motions to transfer pending in *both* potential fora — that is, where there is in fact a risk of conflicting judgments. *See, e.g., Noble*, 2014 WL 6603418, at *3 ("[T]his Court and the Illinois Court are presented with mirror-image motions to transfer."), *accord Pem Am., Inc. v. Lambert*, No. 03-CV-3706 (JFK), 2003 WL 22383369, at *2 (S.D.N.Y. Oct. 17, 2003); *MSK*, 212 F. Supp. 2d at 267-68. As of this date, there is no motion to transfer or similar motion pending in the Ohio action. (*See Victoria's Secret Stores Brand Management, Inc. v. Holiday Image, LLC*, No. 14-CV-2143 (JLG) (EPD) (S.D. Ohio)). To require Defendants to file substantially the same motion in the United States District Court for the Southern District of Ohio, and thereby force that Court to decide an issue on which this Court has already expended significant resources, would flout the very principle of judicial efficiency that the first-filed doctrine is intended to promote.

("Williams Decl.") ¶ 14). Plaintiff suggests that, but for Defendants' conduct, it might have consulted litigation counsel earlier (Pl.'s Mem. 6, 12; Schwam Decl. ¶ 36), but it cites no authority for the proposition that a delay in contacting counsel alone constitutes special circumstances sufficient to overcome the first-filed rule. Finally, and in any event, Plaintiff's only support for its claim that Defendants engaged in deceptive conduct is its representative's testimony that Doug Williams, L Brand's general counsel, represented that Defendants "would not hold [Plaintiff] accountable for anything resulting from [Defendants'] miscommunications" and that Defendants would mediate any disputes over the allegedly non-conforming goods. (Schwam Decl. ¶ 35). Williams, however, denies making either statement. (Williams Decl. ¶¶ 12-13). In the absence of a basis to credit Schwam's testimony over Williams's, it cannot be said that Plaintiff has "carried its burden to show 'special circumstances' warranting departure from the first-filed rule." *HomeoPet LLC v. Speed Lab., Inc.*, No. 14-CV-663 (JFB) (AKT), 2014 WL 2600136, at *15 (E.D.N.Y. June 11, 2014).

      Finally, Plaintiff contends that the balance of convenience favors this Court over the Southern District of Ohio. (Pl.'s Mem. 12-13). As noted, the factors by which courts within this Circuit evaluate the balance of convenience "are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Wausau*, 522 F.3d at 275 (internal quotation marks omitted). They include (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice. *New York Marine & Gen. Ins.*, 599 F.3d at 112; *Fellus v. Sterne, Agee &*

*Leach, Inc.*, 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011).  Nevertheless, unlike a Section 1404(a) motion to transfer, in which it is the moving party that bears the burden of persuasion, in a case involving the first-filed doctrine, it is "the proponent of the second-filed suit [who] has the burden of demonstrating that the *overall* balance of conveniences weighs in favor of its chosen forum in order to establish this exception to the presumption favoring the first-filed action." *Oleg Cassini, Inc. v. Serta, Inc.*, No. 11-CV-8751 (PAE), 2012 WL 844284, at *8 (S.D.N.Y. Mar. 13, 2012).[3]

Plaintiff fails to carry that burden.  First, the locus of operative facts strongly favors the Southern District of Ohio.  Although much of the parties' negotiations appear to have taken place electronically, Plaintiff's representatives traveled to Defendants' Ohio offices for meetings related to the goods at issue.  (Defs.' Mem. 7-8; Tobar Decl. ¶ 9).  Plaintiff does assert that relevant meetings took place at Defendants' offices in New York (Pl.'s Mem. 12), but it provides no details about those meetings, so its assertions are entitled to little weight.  *See 800-Flowers*, 860 F. Supp. at 135; *cf. Gershon v. Lurie*, No. 12-CV-2514 (SJF) (ETB), 2013 WL 444013, at *2 (E.D.N.Y. Feb. 1, 2013) (disregarding "conclusory assertion" regarding the existence of one of the transfer factors).  In addition, Defendants received the goods shipped from China in Ohio and there determined that the merchandise was non-conforming.  (Tobar Decl. ¶ 16).  Thus, the actions giving rise to Plaintiff's claims took place within Ohio.  Conversely, Plaintiff makes no

---

[3]   Defendants argue that the Court need not consider the Section 1404(a) factors because the parties agreed to a forum selection clause making the Southern District of Ohio the exclusive venue for disputes of the sort involved in this case.  (Defs.' Mem. 11-13; Defs. Victoria's Secret Stores Brand Mgmt., Inc. and L Brands Inc.'s Reply Mem. Law. Further Supp. Mot. To Dismiss or, in Alternative, To Transfer Venue (Docket No. 18) 5-7).  Plaintiff contends that the forum selection clause does not apply because its employees never read, much less agreed to, the clause.  (Pl.'s Mem. 13-16).  The Court need not resolve the issue, however, because, even without the clause, the balance of convenience favors Ohio for the reasons discussed below.

effort to tie Defendants' purported breach to any actions taken within this District. *See Oubre v. Clinical Supplies Mgmt.,* No. 05-CV-2062 (LLS), 2005 WL 3077654, at *4 (S.D.N.Y. Nov. 17, 2005) ("In determining the locus of operative facts, courts look to the 'site of the events from which the claim arises.'" (quoting *800-Flowers*, 860 F. Supp. at 134)).

Second, the convenience of witnesses, which has been characterized as "the most powerful factor governing the decision to transfer a case," *Royal Ins. Co. of Am. v. United States*, 998 F. Supp. 351, 354 (S.D.N.Y. 1998) (internal quotation marks omitted), also favors the Southern District of Ohio. Defendants' corporate headquarters is in Ohio, and Defendants represent that "the vast majority" of their potential witnesses are located there. (Defs.' Mem. 14-15). By contrast, Plaintiff provides no evidence that there are relevant witnesses who live or work in the Southern District of New York.[4] To be sure, Plaintiff's headquarters are in the District of New Jersey, which is closer to this District than to Ohio. (N.Y. Compl. ¶ 1; *cf.* Pl.'s Mem. 12 ("Plaintiff's witnesses live in the New York metropolitan area.")). And Defendants apparently have a daily charter flight from Ohio to New York, making travel for their witnesses somewhat easier than travel for Plaintiff's witnesses. (Pl.'s Mem. 12). But the fact of the matter is that many, if not most, of the relevant witnesses live in the Southern District of Ohio, while no one has identified a single witness who lives or works in this District.

Third, the United States District Court for the Southern District of Ohio is more familiar with Ohio law, which appears likely to govern this case. Where a conflict of laws exists, New York courts "look[] to the 'center of gravity' of a contract to determine choice of law." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 433 (2d Cir. 2012). "This

---

[4] Plaintiff notes that its owners are residents of New York City, but it nowhere suggests that they will serve as witnesses in the case. (*See* Pl.'s Mem. 1).

approach requires application of the law of the jurisdiction with the most significant interest in, or relationship to, the dispute," an inquiry that encompasses "the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile of the contracting parties." *Bank of N.Y. v. Yugoimport*, 745 F.3d 599, 609 (2d Cir. 2014) (internal quotation marks omitted). Those considerations uniformly favor applying Ohio law. First, as noted, Plaintiff's representatives traveled repeatedly to Ohio for negotiations. (Tobar Decl. ¶ 9). Second, the goods that were the subject matter of the contract were delivered directly from China to Defendants' facilities in Ohio. (*Id*. ¶ 16). Third, Defendants rejected the goods as non-conforming in Ohio, thus giving rise the Plaintiff's claims. (*Id.*). And finally, while no party is either a New York corporation or has a principal place of business in New York, Ohio is both Defendants' principal place of business. (N.Y. Compl. ¶¶ 1-4). Accordingly, Ohio law appears likely to govern the case, which favors proceeding in the Southern District of Ohio.

Plaintiff's principal remaining argument is that the Court should look to the relative means of the parties and retain venue because Defendants are larger corporations than Plaintiff. (Pl.'s Mem. 12-13). But "the relative means of parties . . . is not entitled to great weight where plaintiff and defendant are both corporations," as is the case here. *Boehner v. Heise*, 410 F. Supp. 2d 228, 242 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Accantia Grp. Holdings v. Food Mkt. Merch., Inc.*, 908 F. Supp. 2d 439, 442 (S.D.N.Y. 2012); *see also AIG Fin. Products Corp. v. Pub. Util. Dist. No. 1 of Snohomish Cnty., Wash.*, 675 F. Supp. 2d 354, 371 (S.D.N.Y. 2009) ("In determining whether the relative means of the parties weighs in favor of transfer, a court should determine whether a party's financial situation would meaningfully impede its ability to litigate this case in either forum." (internal quotation marks omitted)). As there is no evidence to conclude that Plaintiff's financial situation "would meaningfully impede"

its ability to pursue its claims in Ohio, the Court accords little weight to the financial disparity between the parties.

The other factors are either neutral or weakly favor Ohio over New York.  For example, Plaintiff has not contested Defendants' assertion that "virtually all" of the relevant documents are located in Ohio or New Jersey and that none is located in New York.  (Defs.' Mem. 16; Pl.'s Mem. 12-13).  And although courts typical accord significant weight to a plaintiff's choice of forum, that "weight . . . is diminished substantially where [a] plaintiff has chosen a forum which is neither his home nor the place where the cause of action arose."  *800-Flowers*, 860 F. Supp. at 135.  Here, as noted, Plaintiff's primary place of business is New Jersey and the events giving rise to its claims took place in Ohio, at least to the extent they occurred in the United States.  (Tobar Decl. ¶ 16; N.Y. Compl. ¶ 1).  Moreover, the fact that one party has chosen a particular forum is of less consequence when the other side has "simultaneously selected another forum," as Defendants have here.  *Don King Prods., Inc. v. Douglas*, 735 F. Supp. 522, 535 (S.D.N.Y. 1990).  Accordingly, Plaintiff's choice of this Court does not carry significant weight.

In short, the Court finds that the totality of the venue factors favor the Southern District of Ohio.  It follows that the "balance of convenience" is not a reason to depart from applying the first-filed rule, even considering the diminished weight accorded to that rule in light of the short period between when the two complaints at issue were filed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the case pursuant to the first-filed rule is GRANTED.  The Clerk of Court is directed to close the case.

SO ORDERED.

Date:  January 28, 2015
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge